MEMORANDUM *
The district court did not err by granting Best Buy’s motion for judgment on the pleadings. The cell phone courtesy messages at issue are not substantially similar as a matter of law because Best Buy copied only Identity Arts’s idea, not its pro-tectable expression. See 17 U.S.C. § 102(b); Funky Films, Inc. v. Time Warner Entm’t Co., 462 F.3d 1072, 1077 (9th Cir.2006).
Moreover, the license agreement between the parties expressly permits Best Buy to make its own cell phone courtesy messages styled as faux movie trailers. Cf. S.O.S., Inc. v. Payday, Inc., 886 *774 F.2d 1081, 1088 (9th Cir.1989). Finally, Identity Arts is judicially estopped from contending that its courtesy message tells the story of a faux movie trailer interrupted by an off-screen cell phone’s ring, because this position is clearly inconsistent with Identity Arts’s position in the case consolidated with the instant case before the district court, in which Identity Arts characterized its courtesy message as telling the story of a submarine mission requiring silence. See Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir.2001).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.